# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:16CR386 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL E. WILLIAMS, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

    Before the Court is Defendant Michael Williams's Motion for Compassionate Release. (Docs. 76 & 80). For the following reasons, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

    On December 13, 2016, a Grand Jury indicted Defendant with multiple counts stemming from a conspiracy to distribute narcotics. On August 8, 2017, Defendant executed a Plea Agreement and pleaded guilty to Conspiracy to Possess with Intent to Distribute and Distribution of Crack and Heroin, a violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(B). On February 8, 2018, the Court sentenced Defendant to 103 months imprisonment and 4 years of supervised release. Defendant is 61 years old and currently incarcerated at Elkton Federal Correctional Institution. To date, he has served over 45 months.

    On June 3, 2020, Defendant filed his *pro se* Motion for Compassionate Release. (Doc. 76). Per the District's General Order, the Court referred the matter to the Federal Public Defenders Officer for supplementation. The Defenders Office supplemented Defendant's

Motion on June 24, 2020. (Doc. 80). The Government opposed (Doc. 83) and Defendant filed a Reply shortly thereafter (Doc. 84).

After the initial round of briefing, the Court ordered the parties to provide additional information. Defendant supplemented the Record twice on July 17 and August 5, 2020. (Docs. 85 & 86). The Government never supplemented the Record.

## II. LAW & ANALYSIS

### A. Standard of Review

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020).

After a defendant has exhausted his administrative remedies, he may ask the court for compassionate release. After considering the § 3553(a) factors, a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[1]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines. There, the Commission lists 'extraordinary and compelling reasons' as: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) Other Reasons, a 'catch-all' provision for extraordinary reasons outside those listed. U.S.S.G. § 1B1.13, n. 1.

---

[1] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

Before a court looks at the 'extraordinary and compelling reasons' supporting defendant's early release, the court must first determine that defendant is not a danger to the community as provided in 18 U.S.C. § 3142(g). *Id.* at § 1B1.13(2). Section 3142(g) list four factors for the courts to consider whether a defendant poses a danger to the community. Those factors include: (1) the nature and circumstances of the offense; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to the community. 18 U.S.C. § 3142(g)(1)–(4).

Ultimately, "[t]he defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

## B.     Exhaustion of Administrative Remedies

Defendant exhausted his administrative remedies. He requested compassionate release that the Warden denied on May 11, 2020. He also requested administrative review of the Warden's denial in mid-June. (Doc. 84, PageID: 667). The Government claims Defendant must wait for the administrative review process to finish before requesting relief from this Court. (Doc. 83, PageID: 646).

But § 3582(c)(1)(A) does not impose the requirement the Government believes it does. All Defendant must do is ***either*** "'fully exhaust[] all administrative rights to appeal' with the prison ***or*** wait 30 days after his first request to the prison," *Alam*, 960 F.3d at 833-34 (emphasis added), "***whichever is earlier***." 18 U.S.C. § 3582(c)(1)(A) (emphasis added). So long as a prisoner waits 30 days from his request, there is no requirement that the inmate then wait for an administrative-appeal decision. *United States v. Harris*, 812 Fed. App'x 106, 107 (3d Cir. July 20, 2020) (non-precedential). The Government does not cite any authority to the contrary.

Accordingly, Defendant has exhausted his administrative remedies and his request for compassionate release is properly before the Court.

**C.     Danger to the Community**

The Court finds that Defendant does not present the same level of danger to the community. Defendant is a 61-year-old individual and has performed well while he has been incarcerated. He presents a low risk of recidivism. (*See* Doc. 83, PageID: 647). He has taken advantage of several programs during his time in prison. And, as discussed in more detail below, he is in very poor health.

While it is true that Defendant had an aggravating role during the instant conspiracy and has a poor criminal history, the Court is confident that it can impose certain conditions of supervised release to mitigate whatever danger Defendant presents to the community.

Finally, the Government does not present the court with any considerations as to Defendant's dangerousness. Rather, the Government asks the Court to defer to the Bureau of Prisons. As will be explained throughout, the Government's request to rely solely on the Bureau is mistaken.

Accordingly, the Court finds Defendant does not present the same level of danger to the community.

**D.     Extraordinary and Compelling Reasons**

Defendant has demonstrated that 'extraordinary and compelling reasons' warrant a sentence reduction. Defendant has presented evidence that he suffers from diabetes; lower extremity neuropathy; chronic hypertension; hyperlipidemia; COPD; Hepatitis-C; and he is morbidly obese. The Government does not dispute these diagnoses, but rather states that these

are not 'Medical Conditions' to satisfy the policy statement and that the Bureau can accommodate Defendant's medical needs.

However, in conjunction with COVID-19, the Court finds Defendant's listed medical ailments constitute 'extraordinary and compelling reasons' for compassionate release.[2] The Centers for Disease Control and Prevention has provided guidance for people who are at increased risk for severe illness due to COVID-19.[3] That guidance provides information for two groups of individuals—i) older adults and ii) people with underlying medical conditions.[4] At 61, Defendant would be considered an "older adult."  As for underlying medical conditions, the CDC lists four of Defendant's ailments that either increase or might increase severe illness from COVID-19.[5] Those ailments include: diabetes, hypertension, COPD and obesity.

Moreover, Defendant has already contracted COVID-19 once.  He claims to still be experiencing negative health consequences from his previous bout.  But even more concerning for Defendant, the CDC does not know if someone can be re-infected with COVID-19.[6] With

---

[2] Many district courts have determined that they have the authority to determine if "Other Reasons" exists for compassionate release under U.S.S.G. § 1B1.13, n. 1(D). *See United States v. Decator*, --- F. Supp.3d ----, 2020 WL 1676219, * 2 (D. Md. April 6, 2020) (collecting cases).  According to these courts, they are not bound by the Bureau's determination of "Other Reasons" as currently written in the policy statement.  *United States v. Thomas*, 2020 WL 3895781, * 3 (W.D. Va. July 10, 2020) (collecting cases).  The Court adopts this rationale for the limited purpose in finding that it can look to see if "Other Reasons" exists for compassionate release.

[3] Centers for Disease Control and Prevention, "People Who Are at Increased Risk for Severe Illness," (updated June 25, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-increased-risk.html (last visited Aug. 31, 2020).

[4] *Id.*

[5] Centers for Disease Control and Prevention, "People with Certain Medical Conditions," (updated Aug. 14, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Aug. 31, 2020).

[6] Centers for Disease Control and Prevention, "Duration of Isolation and Precautions for Adults with COVID-19," (updated Aug. 16, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/hcp/duration-isolation.html (last visited Aug. 31, 2020).

the lingering presence of COVID-19 at Elkton, Defendant remains at risk from reinfection and severe consequences.

Again, the Government asks the Court to defer to the Bureau's determination on whether to release Defendant to home confinement. But the Government ignores the fact that the Bureau has previously considered Defendant to be medically eligible for compassionate release under the revised program statement. (*See* Doc. 85-1). This fact weighs heavily with the Court in determining that extraordinary and compelling reasons exists for compassionate release.

Thus, because Defendant suffers from medical conditions listed by the CDC as underlying risks for serious complications from COVID-19; Defendant previously contracted COVID-19 during incarceration; and the Bureau's prior determination that Defendant is medically eligible for release, the Court finds extraordinary and compelling reasons exist for Defendant's early release.

### E.    Section 3553(a) Factors

Finally, the § 3553(a) factors weigh in favor of early release.[7] In addition to those facts previously discussed, the Court believes that the conditions of supervision imposed below will accomplish a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing as directed to district courts by Congress.

### III. CONCLUSION

Because Defendant has demonstrated 'extraordinary and compelling reason' for release, the Court **GRANTS** Defendant's Request for Compassionate Release. (Doc. 76 & 80). Defendant's Sentence is reduced to time served. Defendant's term of supervised release remains

---

[7] The Government's Opposition does not address the § 3553(a) factors.

the same at 4 years.  In addition to the standard and special conditions previously imposed, Defendant must serve 14 days in quarantine prior to his release.  The Court adopts Defendant's requests and imposes residential in-patient addiction rehabilitation treatment and a period of residence at a sober living facility, as directed by his supervising Probation Officer.  Upon release from the facility, the Court imposes a one-year term of home confinement at the location approved by the Probation Office.  Furthermore, Defendant must immediately contact his Probation Officer if any COVID-19 symptoms reappear.  Finally, Defendant must follow all CDC recommendations for "at-risk" persons.

**IT IS SO ORDERED.**

 s/ Christopher A. Boyko  
**CHRISTOPHER A. BOYKO**  
**Senior United States District Judge**

**Dated: September 2, 2020**